IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE CHRISTOPHER A. BELLUM & <br> MARY ANN BELLUM <br>                      DEBTORS | : <br> : <br> : <br> : | CHAPTER THIRTEEN <br> Case No. 5-bk-05-58246 |
| CHRISTOPHER A. BELLUM & <br> MARY ANN BELLUM <br>              PLAINTIFFS <br> V. <br> HSBC MORTGAGE SERVICES, <br>              DEFENDANT | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | ADV. NO. 5-ap-06-50067 <br><br> {**Nature of Proceeding:** Both Plaintiffs' and Defendant's Motion for Reconsideration} |

# **OPINION**[1]

Presently before this Court are dual Motions for Reconsideration of this Court's November 14, 2006 Bench Decision[2] and subsequent Order finding the value of Debtors' real estate located at 101 Buck Ridge Drive, Drums, Pennsylvania, 18222 to be $104,160.00 and reducing the Defendant's second mortgage to a secured value of $1,186.81.[3] Both parties are seeking reconsideration of the Court's Decision. The Plaintiffs' Motion seeks reconsideration of the valuation date used by the Court, and the Defendant's Motion seeks reconsideration on grounds their second mortgage cannot be modified under the applicable provisions of the Bankruptcy Code.

---

[1] Drafted with the assistance of Kathryn F. Evans, Law Clerk.

[2] The Court's Decision was recited orally under Federal Rule of Bankruptcy Procedure 7052 on November 14, 2006.

[3] The original proceeding memorandum erroneously listed the fair market value of the home to be $102,973.19. Doc. No. 9 to Adversary Proceeding 06-50067. The Court has since amended the proceeding memorandum to accurately reflect the findings made at trial establishing the fair market value of the home to be $104,160.00. Doc. No. 18 to Adversary Proceeding 06-50067.

-1-

**Jurisdiction**

This Court has jurisdiction over the instant matter, which is a core proceeding pursuant to 28 U.S.C. § 1334 and § 157(b)(1), (2)(K).

**Analysis**

The Third Circuit has been clear that motions for reconsideration should be viewed as "extraordinary means of relief, in which movant must do more than simply reargue the facts of the case or legal underpinnings." *In re Home Health Corp. of America, Inc.,* 268 B.R. 74, 76 (Bankr. D.Del. 2001) (*citing* North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); see also *Worbetz v. Ward North America, Inc.,* 54 Fed. App'x 526, 533 (3d Cir. 2002). "Because of interest in finality, at least at district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided. . . . Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." *Williams v. City of Pittsburgh,* 32 F. Supp.2d 236, 238 (W.D.Pa.1998) (internal citations omitted). There are only three limited circumstances in which reconsideration may be appropriate wherein the movant can prove at least one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice." *North River Ins. Co.,* 52 F.3d at 1218, (*citing* Natural Resources Def. Council v. U.S. Envtl. Prot. Agency, 705 F. Supp. 698, 702 (D.D.C. 1989) (quoting *All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.,* 116 F.R.D. 645, 649 (D. Haw. 1987), *rev'd on other grounds,* 855 F.2d 860 (9th Cir. 1988))**,** *vacated on other grounds,* 707 F. Supp. 3 (D.D.C. 1989). Neither party herein has proffered any

previously unavailable evidence, nor have they averred a change in controlling case law; and as such, to prevail, they must establish a manifest injustice or clear error in the previous decision.

**Defendant's Reconsideration**

The Defendant's Motion for Reconsideration is premised on a legal argument asserted for the first time in its Motion for Reconsideration, namely, that its second mortgage was non-modifiable under 11 U.S.C. § 1322(b)(2) and *Nobleman v. American Sav. Bank*, 508 U.S. 324, 113 S. Ct. 2106, 124 L. Ed.2d 228 (1993).[4] This argument was not raised in any of the Defendant's papers, nor was the issue raised at trial, despite the fact closing remarks were permitted and made following the presentation of the evidence. As stated above, "[a] motion to reconsider may *not* be used to present a *new* legal theory for the first time or to raise legal arguments which could have been raised in connection with the original motion." *In re Armstrong Store Fixtures Corp.*, 139 BR 347, 349 (Bankr. W.D. Pa. 1992) (internal citations omitted); see also *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999), and *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). Thus, because this argument is being raised for the first time herein, it is untimely.

In addition to the fact this issue was first raised in the Motion for Reconsideration, there is insufficient evidence in the record to conclusively establish the mortgage was non-modifiable under § 1322(b)(2). For example, the mortgage itself was not introduced into evidence at trial. Given that the Third Circuit has allowed modification of mortgages when they are collateralized

---

[4]"The Defendant avers that because there is equity to secure the mortgage, its lien cannot be modified under *In re McDonald,* 205 F.3d 606, 43 Collier Bankr. Cas.2d 1381, 35 Bankr. Ct.Dec. 220, Bankr. L. Rep. P 78, 132 (3d Cir. Pa. (Mar(2000)) and *Nobelman v. American Sav. Bank,* 508 U.S. 324, 113 S. Ct. 2106, 124 L. Ed.2d 228, 61 USLW 4531, 28 Collier Bankr. Cas.2d 977, 24 Bankr.Ct.Dec. 479, Bankr. L. Rep. P 75253A (U.S.Tex. Jun 01, 1993) (No. 92-641)." See *Defendant's Motion for Reconsideration,* Adv. No. 5-AP-06-50067 (No. 11, ¶5).

by items other than the debtors' principal residence,[5] this Court is unwilling to deem the instant mortgage non-modifiable without first conclusively determining the scope of the underlying collateral. This cannot be done based upon the trial record.

In sum, because this issue was not raised in a timely manner, and in light of the fact the mortgage at issue was not part of the evidentiary record, the Defendant's Motion for Reconsideration is denied.

**Plaintiffs' Reconsideration**

Plaintiffs assert it was clear error for the Court to use the hearing date as the date of valuation. The Court's Decision in pinpointing valuation on the date of trial was consistent with precedent established by the opinion of my colleague, Chief Bankruptcy Judge John Thomas, in *Wood v. LA Bank (In re Wood),* 190 B.R. 788 (Bankr. M.D.Pa. 1996). The *Wood* decision propounded several factors to consider when determining the appropriate date of valuation including:

> 1. The impact of the debtor's efforts on the postpetition change in value.
> 2. The expectancies of the parties at the time they may have made the loan agreement (if any).
> 3. The desirability of uniformity. Will the application of different dates for valuation purposes reach an absurd result?
> 4. The convenience of administration.
> 5. The equitable concept that those who bear the risk should benefit from the rise in value.
> 6. A resulting windfall to any one party should be discouraged.
> 7. The bankruptcy policy set forth in section 552(b) which extends prepetition liens to postpetition proceeds in certain situations.
> 8. The bankruptcy policy set forth in 11 U.S.C. § 362(d) which encourages the tendering of adequate protection payments to a creditor holding depreciating collateral.
> 9. The off-stated policy of bankruptcy to secure the debtor a "fresh start".

---

[5] *In re Ferandos*, 402 F.3d 147 (3d Cir. 2005) (mortgage secured by principal residence and rents was modifiable notwithstanding § 1322(b)(2)); *In re Scarborough*, 461 F.3d 406 (3d Cir. 2006) (mortgage secured by residence and rents was modifiable); and *In re Hammond*, 27 F.3d 52 (3d Cir. 1994) (mortgage secured by principal residence and personal property was modifiable).

> 10. The result of utilizing a specific date of valuation on the bankruptcy itself including that impact upon senior and junior lien creditors.
> 11. Whether the party benefitting from a delay in valuation has been responsible for that delay. *Id.* at 794.

The Plaintiffs, as the proponents of the Motion for Reconsideration, bear the significant burden of establishing the previous opinion contained a "manifest error of law". *See Sangarbuwa v. Gonzales,* 156 Fed App'x. 612, 613 (4th Cir. 2005) (*citing Ins v. Abudu,* 485 U.S. 94, 110, 108 S. Ct. 904, 99 L. Ed.2d 90 (1988)); *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). Plaintiffs have not offered any substantial arguments with regard to how the aforementioned ten factors favor their position but merely assert: "The Debtors/Plaintiffs believe the ten (10) factors annunciated in In re: Wood do favor setting the date of valuation as of the date of filing." *See Plaintiffs' Motion for Reconsideration,* Adv. No. 5-AP-06-50067 (No. 10, ¶8). This cursory legal assertion is insufficient to convince the Court its previous opinion was manifestly erroneous.

Additionally, the *Wood* factors weigh in favor of finding the applicable valuation date to be the date of trial. This Court is ever mindful of the fact that Bankruptcy is a Court of equity[6] and took that into consideration when striking a balance between the *Wood* factors and coming up with the most equitable result. Valuing the property at the time of trial did not result in a windfall to either party, the result was not absurd, does not result in increased administrative complexity, is consistent with the policies set forth in the Code, and the date chosen resulted in the creditor retaining a portion of the security it had initially bargained for at the outset of the debtor/creditor relationship. In this case, the collateral increased in value due to market

---

[6]*See Young v. U.S.,* 535 U.S. 43, 50, 122 S. Ct. 1036, 1041 (2002); *Pepper v. Litton,* 308 U.S. 295, 304, 60 S. Ct. 238, 84 L. Ed. 281 (1939); *U.S. v. Energy Resources Co., Inc.,* 495 U.S. 545, 549, 110 S. Ct. 2139, 109 L. Ed.2d 580 (1990).

conditions not due to the Debtors' efforts. In sum, the Court finds the chosen date of valuation to be consistent with the *Wood* factors and therefore not manifestly erroneous. Therefore, the Plaintiffs' Motion for Reconsideration will also be denied.

**Conclusion**

For the reasons stated herein, both parties' Motions for Reconsideration are denied. A separate Order consistent with this Opinion will be entered.

-6-